IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMEEN MOHAMMAD ALBKRI, *et al.*, | ) |
| *Petitioners/Plaintiffs*, | ) ) ) ) **MOTION FOR APPOINTMENT** |
| | ) **OF COUNSEL AND TO AWARD** |
| v. | ) **COSTS (*ONLY*) UNDER** |
| | ) **18 U.S.C. §3006A(a)(2)(B)** |
| | ) ) **Index No. 05-1639 (RBW)** |
| GEORGE W. BUSH, *et al.*, | ) |
| *Respondents/Defendants.* | ) ) |

**STATEMENT OF POINTS AND AUTHORITIES**

Petitioner Ameen Mohammad Albkri, through his Next Friend, Ali Saleh Albkri, and the undersigned counsel, hereby moves the Court to appoint the undersigned counsel, Ian Michael Wallach, as his counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A(a)(2)(B), *for expense reimbursement only.*

**FACTUAL SUMMARY**

**The Background Related To**
**The Detention of Ameen Mohammad Albkri**

The following facts are stated upon information and belief of counsel.[1] Ameen Mohammad Albkri ("Detainee Ameen Mohammad Albkri") is a prisoner at Guantanamo Bay Naval Station, Cuba ("Guantanamo"). He has been incarcerated there for about three years without charges. During that time he has had no access to counsel and has otherwise been held

---

[1] Almost of all of the information pertaining to the detainment of Petitioner is in the control of Respondents. Counsel for Petitioners has only been able to obtain the name of the detainee, the country and town of origin, the approximate age, and the names of family members – and all of this information has been offered or supplied to Respondents for the purposes of identifying the detainee.

virtually incommunicado. He has filed a petition for habeas corpus with this court under 28 U.S.C. §2241 challenging his detention.

Detainee Ameen Mohammad Albkri is a citizen of Yemen and a civilian who, as a result of having been wrongly classified as an "enemy combatant" by the President of the United States, is being held as a prisoner in military custody. He has therefore has been unable to work or otherwise have access to income or assets for around three years, and has no foreseeable means of acquiring such access unless and until his release from detention.

According to a statement given by Next Friend Ali Saleh Albkri to an attorney with the Center for Constitutional Rights ("CCR"), Detainee Ameen Mohammad Albkri is approximately 35 years old and has worked in precious stones (in Madagascar) and in the shrimp industry (in Bangkok). He is fluent in English and holds a bachelor's degree in Business. He has three children – Malik (approximately 10 years old), and two others. His wife and children are with his father-in-law in the Sudan.

Detainee Ameen Mohammad Albkri was in Yemen on September 11, 2001 and was not a participant or sponsor or otherwise involved in the September 11, 2001 attacks on the United States or in any aggressive activities against the United States.

Detainee Ameen Mohammad Albkri was identified by his family on a list of Guantanamo detainees from Yemen known to Petitioner's family as the "September 26 list." Detainee Ameen Mohammad Albkri was seen by his father on television after several prisoners were released from Bagram, but he never arrived home. It is for this reason that his family believes he is in Guantanamo. Neither the detainee nor his family can afford to pay attorneys fees or the expenses of his legal representation.

**Facts Pertaining To Legal Representation**
**Of Detainee Ameen Mohammad Albkri**

The CCR, a non-profit organization dedicated to protecting constitutional and human rights, has sought assistance on behalf of Petitioners. CCR has requested the undersigned attorney to take an active lead in representing this detainee and prosecuting this action. CCR represents more than fifty detainees at Guantanamo and does not have the resources to compensate counsel or pay necessary expenses related to the representation. I, the undersigned counsel, have agreed, *pro bono publico*, to undertake the representation based upon my personal and professional commitment to protecting due process, constitutional, and human rights and to my commitment to protect the status and development of International Human Rights Law.

I am admitted to the Bar of the State of New York (since January 2000) and was recently admitted to the Bar of the State of California. The majority of my practice is civil litigation. I was an associate with the law firm of Luce, Forward, Hamilton & Scripps, LLP from 1999 through July 2003 and subsequently practiced with two small firms in New York City – Friedland, Laifer, & Robbins, LLP and Coblence & Warner, LLP. I am a member of the Association of the Bar of the City of New York and a member of the Bars of the United States District Court for the Eastern District of New York, the United States District Court for the Southern District of New York, and the Second Circuit Court of Appeals. I am a graduate of U.C. Hastings where I completed a specialty program in International Law and was formerly a law clerk to the Office of the Prosecutor for the United Nation's International Criminal Tribunal for the Former Yugoslavia.

I will be personally paying any and all expenses associated with their representation that are not awarded and paid as a result of this or a similar motion. Among foreseeable expenses are translation services; travel to and from Guantanamo (possibly with an interpreter); the costs of investigation; the costs associated with meeting the Next Friend as well as the family of

Petitioners; travel and lodging to and from the D.C. District Court; phone calls to Yemen to discuss the status of the matter, and other costs. I am willing to donate time *pro bono publico* in connection with this matter, and if appointed, will seek reimbursement under the CJA only for expenses that might arise.

I have already spent considerable time and expense investigating this matter, researching the complex legal issues related to this matter, drafting the petition and other documents to be filed, traveling to Washington, D.C. for training with the CCR, staying informed about the ongoing legal and factual developments which bear or potentially bear on this representation, preparing the materials required for the security application, speaking with Department of Justice Counsel, drafting an accompanying motion to preserve evidence, and filing and serving the petition.

## ANALYSIS

### The CJA Applies To The Petition For Habeas Relief In This Matter

The CJA provides that whenever "the interests of justice so require," representation may be provided to any financially eligible person who is "seeking relief under section 2241, 2254, or 2255 of title 28. 18 U.S.C. §3006A(a)(2)(B). Petitioners are seeking relief under 28 U.S.C. 2241, and therefore the petition in this matter falls within the plain language of the CJA. Petitioners are therefore entitled to appointment if the court finds they are financially eligible and that such appointment is required in the interests of justice.

In a recent decision, this Court held that the Guantanamo detainees have the right to counsel and that this right includes the ability to confer with counsel privately and without government monitoring. *See Al Odah, et al., v. United States,* Civ. No. 02-828 (CKK), slip. op. (D.D.C. Oct. 20, 2004). In so holding, the Court explicitly determined that the CJA authorizes the use of public funds to appoint counsel to habeas Petitioners detained at Guantanamo. *Id* at

4

10-13. For the reasons set forth in that opinion and stated herein, the Court should apply the CJA to Petitioners petition and appoint Mr. Wallach as counsel of record under the CJA and eligible for reimbursement of costs.

**The Interests Of Justice
Require Application Of The CJA**

The facts and circumstances of this case establish powerful reasons why this motion should be granted. First, the petition is not frivolous. Petitioners are not merely attempting to challenge the conditions of or waging a collateral attack on a conviction or sentence that has been issued. Instead, Petitioners bring this habeas petition because the government has deprived Detainee Ameen Mohammad Albkri of his freedom for almost four years without charging him with any offense or affording him with any process whatsoever. *See Al Odah,* slip. op. at 12 ("Petitioners in the instant case have clearly presented a nonfrivolous claim. They have been detained virtually incommunicado for nearly three years without being charged with any crime.") uch an indefinite deprivation of rights is undeniably severe and is directly in violation of the Constitution, laws, and treaties of the United States:

> Petitioners' allegations – that, although they have engaged neither in combat nor in acts of terrorism against the United States, they have been held in Executive detention for more than two years in territory subject to the long term, exclusive jurisdiction and control of the United States, without access to counsel and without being charged with any wrongdoing- unquestionably describe "custody in violation of the Constitution or laws or treaties of the United States."

*Rasul, et. Al., v. Bush, et. al.,* 124 S. Ct. 2686, 2698 n.15 (2004). These are precisely the kinds of significant liberty interests the CJA was designed to protect. Moreover, the assistance of counsel is essential in this case in order to wade through the legal complexities involved. In determining legal rights and duties in other habeas cases brought by detainees at Guantanamo, the courts have considered significant, ground-breaking issues of constitutional jurisprudence, statutory interpretation, executive power, sovereignty, national security, and jurisdiction – issues that legal

scholars are likely to continue dissecting and analyzing long after all the individual cases brought by the detainees are decided. Given the similarities of facts and circumstances, the same legal issues are likely to arise in this case. To expect Petitioners to understand these complex issues without access to counsel – or even a law library- is unrealistic. *See Al Odah,* slip. op. at 12 ("[I]t is simply impossible to expect Petitioners to grapple with the complexities of a foreign legal system and present their claims to this Court without legal representation").

Furthermore, Petitioners lack the resources with which to investigate the Government's claims or to challenge any alleged justification for his detention. Petitioners are foreign nationals with no exposure whatsoever to the American legal system. Detainee Ameen Mohammad Albkri has been detained in a highly secretive environment, for a period of years, with minimal access to the outside world. Under these circumstances it would be virtually impossible for him to develop evidence in his defense without assistance. *Id.* at 13 (exercising discretion under the CJA to appoint counsel to Guantanamo Petitioners) .

**Petitioners Are Financially**
**Eligible For Appointment**
**Of Counsel Under CJA**

The CJA provides for the appointment of counsel to otherwise qualified individuals who are "financially unable to obtain adequate representation." 18 U.S.C. § 300A(a). Petitioners have been in detention at Guantanamo for more almost four years. As a result of his detention, Detainee Ameen Mohammad Albkri is unable to seek employment or earn income of any kind. Furthermore, his family lacks the means to pay for costs incurred in this action.

## CONCLUSION

Based on the foregoing, and all of the records, files, and proceedings herein, Petitioners, through the undersigned counsel, respectfully request the Court to appoint myself, Attorney Ian Michael Wallach, as Petitioners' counsel under the Criminal Justice Act, and order that reasonable expenses be paid thereunder, and grant such other relief as the Court may deem necessary and appropriate to protect Petitioners' rights under the common law, the United States Constitution, federal statutory law, and applicable international law.

Dated: October 18, 2005

*Of Counsel*:

Barbara Olshansky (NY #0057)
Admitted *pro hac vice*
CENTER FOR CONSTITUTIONAL
  RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

Respectfully submitted,

_____
Ian Wallach (IW8631)
  Admitted *pro hac vice*
21 Quarterdeck Street, Unit A
Marina Del Rey, CA 90292
Tel: (310) 822-1587
Fax.: (310) 823-3458

*Counsel for Petitioners*