IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMEEN MOHAMMAD ALBKRL, et al.,** ) | |
| ) | |
| **Petitioners,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1639 (RBW)** |
| ) | |
| **GEORGE W. BUSH,** ) | |
| **President of the United States,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |
| ) | |

### RESPONDENTS' OPPOSITION TO
### PETITIONERS' MOTION FOR PRESERVATION ORDER

Respondents hereby respond to petitioners' motion for preservation order, filed with court

on October 19, 2005.  As an initial matter, there is currently an issue as to the identity of

petitioner Albkri.  To date, respondents have not been able to identify this petitioner, making

compliance with a preservation order concerning petitioner Albkri impossible.[1]

Substantively, the motion for preservation order should be denied for two reasons.  First,

collateral estoppel cannot be applied against respondents on this issue.  Second, petitioners have

not demonstrated that the preservation order is both necessary and not unduly burdensome.

### ARGUMENT

**I.    THE PRESERVATION ORDERS IN <u>AL-MARRI</u> AND <u>AL-SHIRY</u> HAVE NO
PRECLUSIVE EFFECT BECAUSE NON-MUTUAL COLLATERAL ESTOPPEL
CANNOT BE APPLIED AGAINST THE GOVERNMENT AND AN
INTERLOCUTORY ORDER IS NOT A FINAL ADJUDICATION ON THE
MERITS.**

Petitioners attempt to justify entry of a preservation order in the present case through the

---

[1] Respondents have notified counsel for Albkri of the identification problems and have
requested more information about the petitioner to assist with identification efforts.

use of non-mutual collateral estoppel.  Petitioners argue that since a preservation order was entered in Al-Marri v. Bush, No. 04-CV-2035 (GK) and Al- Shiry v. Bush, No. 05-490 (PLF), the Court should, under the guise of non-mutual collateral estoppel, issue an identical order in this case.   This argument is wholly without merit.  First, as a matter of law, non-mutual collateral estoppel cannot be applied against the government.  United States v. Mendoza, 464 U.S. 154 (1984).

Second, even if Mendoza did not outright bar non-mutual collateral estoppel against the Government, the preservation order in the prior case has no preclusive effect because it is subject to revision and does not affect any material issue in the instant case on which this Court is presently called upon to rule.  In this Circuit, three conditions must be satisfied before collateral estoppel can be invoked: "(1) [T]he issue must have been actually litigated, that is contested by the parties and submitted for determination by the court. (2) [T]he issue must have been actually and necessarily determined by a court of competent jurisdiction in the first trial. (3) [P]reclusion in the second trial must not work an unfairness." Jack Faucett Assocs., Inc. v. AT&T, 744 F.2d 118, 125 (D.C. Cir. 1984); see also United States v. Alaska, 521 U.S. 1, 13-14 (1997) (indicating that "necessary" in this context means the prior court "attach[ed] controlling legal significance" to its determination of the issue).

The preservation orders in Al-Marri and Al-Shiry are interlocutory in nature, and thus, "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Cf. Fed. R. Civ. P. 54(b).  See Cobell v. Norton, 224 F.R.D. 266 (D.D.C. 2004)(holding Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case).  Since the Al-Marri and Al-Shiry preservation orders can be

2

modified any time before the entry of final judgment, they are not a final adjudication of an issue

on the merits, they cannot have "controlling legal significance." The orders simply do not rise to

level of adjudication necessary to assert non-mutual collateral estoppel. Because the district

court retains the jurisdiction to modify or rescind an interlocutory order, it cannot have

preclusive effect.

Therefore, because non-mutual collateral estoppel cannot be applied against the

government and, in any event, because an interlocutory order cannot have preclusive effect,

petitioners cannot justify entry of a preservation order in this case based simply upon existence of

such orders in Al Marri or Al-Shiry.

## II.    PETITIONERS HAVE MADE NO SHOWING THAT THE PROPOSED PRESERVATION ORDER IS NECESSARY AND NOT BURDENSOME.

Petitioners also argue that a preservation order is needed under the two-prong test

espoused by Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004). While

Pueblo of Laguna does not supply the appropriate standard for entry of a preservation order, even

under that test a preservation order is not warranted in this case.

The weight of authority is that the four requirements for issuance of an injunction – (1)

irreparable injury, (2) substantial likelihood of success on the merits with respect to the requested

relief, (3) lack of injury to other interested parties, and (4) furtherance of the public interest –

must be satisfied before a preservation order may issue. See Battayav v. Bush, No. 05-CV-714

(RBW) (dkt no. 12) (denying request for preservation order in Guantanamo Bay Case, holding

"'a motion to preserve evidence is an injunctive remedy and should only issue upon an adequate

showing that equitable relief is warranted'")(citing Madden v. Wyeth, No. 3-03-CV-0167-R,

3

2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003)); <u>Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc.</u>, Civ. No. 3-94-784, 1995 WL 783610, at *3-*4 (D. Minn. Oct. 20, 1995); <u>Humble Oil & Refining Co. v. Harang</u>, 262 F. Supp. 39, 42-43 (E.D. La. 1966)).  Other courts have used a modified, multi-factor analysis for the issuance of preservation orders.  See <u>Capricorn Power Co. v. Siemens Westinghouse Power</u>, 220 F.R.D. 429, 433-434 (W.D. Pa. 2004) (focusing on "1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved").  <u>Pueblo of Laguna</u> espouses a two-factor test – an order must be necessary and not unduly burdensome or overbroad – but that test has been criticized as lacking "adequate precision" and "sufficient depth of analysis."  See <u>Capricorn Power</u>, 220 F.R.D. at 434 n.2.

Even under the test espoused by <u>Pueblo of Laguna</u> for determining when a preservation order is proper, however, a preservation order is not appropriate.  Due to the "very potency" of the inherent power of a court to issue preservation orders and the fact that the Supreme Court has "cautioned 'inherent powers must be exercised with restraint and discretion,'" the <u>Pueblo of Laguna</u> court held that a party seeking a preservation order must demonstrate that the preservation order is both necessary and not unduly burdensome.  <u>Pueblo of Laguna</u> 60 Fed. Cl. at 138 (citing <u>Chambers v. NASCO</u>, 501 U.S. 32, 44 (1991)). Petitioners have made neither showing.

First, petitioners have made no showing that a preservation order is actually necessary,

that is, absent an order a significant risk exists that evidence will be destroyed.  See Pueblo of

Laguna 60 Fed. Cl. at 138.  As argued previously in Guantanamo detainee cases in this Court,

there is no evidence of document destruction and respondents have numerous independent

reasons for ensuring the preservation of the documents in question.  See El-Banna v. Bush, No.

04-CV-1144 (RWR) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for

Preserv. Order, filed January 12, 2005, at pp. 23-24 (dkt no. 111); Al-Marri v. Bush, No. 04-CV-

2035 (GK) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for Preserv.

Order (dkt no. 14); Battayav v. Bush, No. 05-CV-714 (RBW) Resp. Reply Memo. in Support of

Mot. to Stay Proceedings Pending Related Appeals and for Continued Coordination (dkt no. 11).

The types of documents sought to be protected could relate to pending or developing

investigations that the government has initiated into possible misconduct in regard to

mistreatment of detainees.  Such investigations have served, and will continue to serve, as the

basis for prosecutions or other corrective action wherever appropriate.[2]  Respondents would not

compromise those investigations or prosecutions by destroying or sanctioning the destruction of

documents pertinent to such investigations.  Furthermore, the ongoing detention and intelligence-

gathering mission of the military at Guantanamo Bay should dispel any notion that respondents

would destroy documents related to that mission.

    In addition, despite petitioners' attempt to minimize this fact, respondents are well aware

of their obligation not to destroy evidence that may be relevant in pending litigation, and this is

an important fact recognized by case law.  Administrative agencies are entitled to a presumption

---

    [2] Examples of such investigations and corrective actions or punishments taken are
available at http://www.defenselink.mil/news/detainee_investigations.html; Military to
Investigate FBI Prison Abuse Charges, N.Y. Times (Jan. 5, 2005).

5

"that they will act properly and according to law."  See, e.g., Federal Communications Comm'n v. Schreiber, 381 U.S. 279, 296 (1965).  Even in a case involving private parties, "[t]o supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists."  Hester v. Bayer Corp, 206 F.R.D. 683, 685 (M.D. Ala. 2001); see also Pepsi-Cola Bottling Co. of Olean v.Cargill, Inc., No. 3-94-784, 1995 WL 783610, at *3 (D. Minn. Oct. 20, 1995) ("To further embellish the grave importance of document preservation, through administratively demanding mechanism, seems inordinate, at best.").[3]

The only support petitioners muster for their conspiracy theory that respondents have a propensity to destroy evidence is a document they claim "document[s] efforts by the military to 'cover up' evidence of the physical abuse of detainees."  Petrs' Mot. at 6 (citing Petrs' Ex. B). Petitioners also cite to a New York Times article regarding the death of two prisoners in U.S. custody.  Pets' Mot. Ex. C.  However, both exhibits relate to allegations of abuse of detainees in Iraq and Afghanistan, and do not concern the subject matter of this case, which solely involves detentions at Guantanamo.  See Petrs' Mot., Ex. B and C.  In any event, the New York Times article hardly provides sufficient evidence of widespread document destruction necessary to justify a preservation order.  The article contains a single brief, and very vague reference that documents disappeared, not that they were intentionally destroyed by respondents, and contains

---

[3] In addition, a preservation order with respect to information concerning alleged mistreatment of detainees is further unnecessary because a preservation order has already been entered ordering respondents to "preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." Al-Marri v. Bush, No. 04-CV-2035 (GK), Order (dkt. no. 25) (Mar. 7, 2005).  Thus, evidence is being preserved.

no specifics on that point.  <u>See</u> Pets' Mot. Ex. C, at 1-2.  The thrust of the article is that while the

investigation got off to a slow start, it ultimately was successful in identifying various culpable

parties. Furthermore, while the Petitioners Exhibit C makes reference to "cover-up efforts," when

a "cover-up" is discussed in a report to the Director of the FBI, <u>see</u> Petrs' Mot., Ex. B, it is a

fairly good sign that whoever may have sought to perpetrate the "cover-up" did not get very far in

that effort.  These documents provide no basis whatsoever for suspecting an impending campaign

to destroy documents relating to Guantanamo, especially with respect to the wide range of

documents sought to be covered in petitioners' proposed preservation order.

        Given that petitioners cannot prove a preservation order is necessary, petitioners' motion

should be denied on that ground alone.  However, even if petitioners could somehow

demonstrate that a preservation order is necessary, they cannot satisfy the second prong of the

<u>Pueblo of Laguna</u> test requiring that a party seeking the preservation order demonstrate that such

an order is not unduly burdensome and that the "particular steps adopted will be effective, but not

overbroad . . . ."  <u>Pueblo of Laguna</u> 60 Fed. Cl. at 138.  The requested preservation order suffers

from significant overbreadth and may pose substantial burdens and responsibilities on

respondents far exceeding what might otherwise be permissible in traditional discovery or any

discovery that might ever be appropriate in a habeas case.  <u>See</u> <u>Harris v. Nelson</u>, 394 U.S. 296,

300 (1969) (discovery available in habeas cases only in narrow circumstances and upon showing

of good cause).  The requested order seeks preservation of any information even "referring" to

petitioner, and thus goes well beyond the support for alleged destruction of evidence petitioner

has submitted.  Petitioner's proposed order is also unduly vague when it asks for preservation of

documents "identified in Petitioners' Motion . . .".  It is not clear what respondents

responsibilities would be under such an order, and would seem to be duplicitive of the other categories of documents sought to be preserved. See Pets' Proposed Order. Petitioners' proposal would put respondents in the position of having to take action with respect to a potentially wide range of documents without having the opportunity to utilize the process of objection and litigation available in the discovery context to fine tune or challenge discovery requested based on, for example, overbreadth, relevance, or burden.

For the foregoing reasons, petitioners cannot satisfy either prong of even the Pueblo of Laguna test; a fortiori petitioners cannot demonstrate the four requirements for issuance of an injunction with respect to document preservation. The motion for preservation order, therefore, should be denied.

## CONCLUSION

For the reasons stated, respondents respectfully request that petitioners' motion for preservation order be denied.

Dated: November 2, 2005            Respectfully submitted,

                                   PETER D. KEISLER
                                   Assistant Attorney General

                                   KENNETH L. WAINSTEIN
                                   United States Attorney

                                   DOUGLAS N. LETTER
                                   Terrorism Litigation Counsel

     /s/ James J. Schwartz
_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7310
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents