IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMEEN MOHAMMAD ALBKRI, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1639 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Respondents hereby submit this reply memorandum in support of their motion to stay proceedings pending related appeals.

Petitioner's counsel characterizes his opposition as agreeing to a partial stay, that is, he seeks various conditions on any stay in the case, including the provision of factual returns, advance notice of any transfer, and issuance of a preservation order. As explained below, respondents oppose any such conditions on a stay and such conditions should be rejected.

As an initial matter, however, as noted in respondents' motion to stay, respondents have been unable to identify petitioner as a detainee at Guantanamo Bay. Respondents, therefore, would be unable to comply with any order pertaining to petitioner, including the conditions demanded by counsel. Using the information provided by petitioner's counsel (e.g., name, approximate age, nationality, job history, family history, and fluency in English), respondents have attempted to identify petitioner among the detainees at Guantanamo Bay. However, none of the detainees fit the description provided by counsel. Moreover, the specific information in

petitioner's opposition that petitioner's family witnessed him on television apparently after being released from custody at Bagram Air Base, Afghanistan, see Pet'rs' Opp'n to Mot. to Stay at 1 n.1, supports the conclusion that petitioner is no longer being held by the U.S. military.

Respondents have not yet moved to dismiss this case outright in order to give petitioner's counsel the opportunity to provide additional information that would permit identification of petitioner as a detainee. In the interim, a stay is appropriate, and petitioner's requested stay conditions should be rejected, both because the petitioner cannot be identified and for the reasons explained below.

### I. Factual Returns Should Not Be Required

While petitioner concedes that a stay is appropriate, see Pet'rs' Opp'n to Mot. to Stay at 1, he still insists a factual return should be filed in the instant case. See Pet'rs' Opp'n to Mot. to Stay at 7. Petitioner's dismissive treatment of the needless expenditure of judicial and litigation resources that would result from submission of a factual return, ignores the cascade effect that would follow from not staying this case. Presently, there are more than 170 habeas cases pending on behalf of well over 250 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005), and Judge Green In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005). A decision to allow submission of a factual return to go forward pending the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered. This scenario is exactly what Judge Green

aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). Indeed, the decision to allow a filing of a factual return would likely need to be revisited or relitigated, and may be shown to have been altogether unnecessary, once the Court of Appeals, likely very soon, provides guidance regarding handling of the habeas claims of Guantanamo Bay detainees such as petitioner. Thus, in the interest of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this Court should hold proceedings in the above-captioned case, including the filing of a factual return, in abeyance pending the outcome of the appeals of the decisions by Judges of this Court in the other Guantanamo Bay detainee cases.

In the event the Court orders the submission of a factual return, however, it could only be done once petitioner is actually identified as a Guantanamo detainee and, once identified, only pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and given the logistical burdens posed by an undertaking to produce returns in those cases. Each factual return must be obtained from the Department of Defense ("DoD") and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Further, submission of these returns will increase the risks of inadvertent or other

disclosure or compromise of classified information. Given that the D.C. Circuit will be considering the proper scope of these proceedings, including whether the claims of petitioner can be dismissed without reference to a specific factual return for petitioner, there is no justification to incur substantial burdens on government resources and increase the risk to national security by providing petitioner's counsel access to factual returns which may ultimately prove unnecessary.[1]

For these reasons, the Court should not order the production of a factual return for petitioner in this case, and in no event should the Court require a return to be produced sooner than 120 days from the date of any such order after petitioner is identified, if that becomes possible.[2]

## II. A Stay Should Not Be Conditioned On Advance Notice of Any Transfer or Issuance of Preservation Order.

Petitioner also seeks to condition a stay in this case on a requirement of 30-days' advance notice of any transfer of petitioner from Guantanamo and an issuance of a preservation order. Pet'rs' Opp'n to Mot. to Stay at 5-6. In seeking both conditions, petitioner attempts to sidestep

---

[1] Though the submission of a factual return should not go forward at all, a schedule for any such undertaking should be no more restrictive than is necessary, assuming, of course, that petitioner's counsel provides information that permits the identification of petitioner as a detainee. A schedule allowing for the production of a factual return within 120 days would be appropriate and ordering a shorter period would be burdensome. See, e.g., Order (dkt. no. 12), Battayav v. Bush, No. 05-CV-714 (RBW) (D.D.C. May 19, 2005) (requiring 120-day schedule); Order (dkt. no. 21), Al-Anazi v. Bush, No. 05-CV-345 (JDB) (D.D.C. Apr. 21, 2005) (imposing 120-day schedule to provide factual return).

[2] Counsel demands that respondents divulge information about petitioner which goes beyond what would typically be included in a factual return, such as petitioner's health status. Aside from the fact that respondents would be unable to provide such information because petitioner cannot be identified as a detainee, petitioner makes no factual or legal showing justifying the court-ordered disclosure of such information.

his burden of demonstrating that he is entitled to preliminary injunctive relief. Petitioner's attempt must fail because his requests are injunctive in nature, and preliminary injunctive relief "is an extraordinary and drastic remedy" that should not be available "unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original). Preliminary injunctive relief is not warranted unless the movant can clearly demonstrate that (1) the movant will suffer irreparable injury in the absence of an injunction; (2) the movant has a substantial likelihood of success on the merits with respect to the requested relief; (3) the injunction would not substantially injure other interested parties; and (4) the injunction would further the public interest. See Al-Fayed v. CIA, 254 F.3d 300, 303 (D.C. Cir. 2001). Accordingly, petitioner has the burden to make a clear showing that he is entitled to the injunctive relief he seeks.

Petitioner cannot circumvent the requirements for preliminary injunctive relief merely by seeking the same measures of relief in the form of conditions on a requested stay. Several other decisions in related Guantanamo detainee cases have rejected such tactics. For example, in Al-Anazi v. Bush, 370 F. Supp. 2d 188, 199 n.11 (D.D.C. 2005) (Bates, J.), the Court rejected petitioners' request for advance notice of transfer and explained that "if petitioners cannot meet the prerequisites of a motion for preliminary injunction (as the Court concludes), it is unlikely they should receive that same relief through the backdoor of a stay." See also O.K. v. Bush, 377 F. Supp. 2d 102 (D.D.C. 2005) (Bates, J.); Almurbati v. Bush, 366 F. Supp. 2d 72 (D.D.C. 2005) (Walton, J.). As explained below, petitioner has not adequately demonstrated that either his request for 30 days' advance notice of transfer or his demand for a preservation order is justified.

Petitioner has failed to present a valid factual or legal basis for his request that

respondents provide the Court and petitioner's counsel with 30 days' advance notice of any intended removal of petitioner from the Guantanamo Bay Naval Base. Such relief is inappropriate, as more fully expressed in respondents' Memorandum in Opposition to Petitioners' Motion for Temporary Restraining Order and Preliminary Injunction Requiring Advance Notice of Any Intended Removal of Petitioner from Guantanamo, filed in Al Hela v. Bush, No. 05-1048 (RMU) (D.D.C. June 3, 2005) (dkt. no. 10). The memorandum, and its accompanying declarations, are attached hereto as Exhibits 1-3 and are incorporated herein by reference. Furthermore, petitioner fails to acknowledge that this Court has previously rejected requests for advance notice of transfer based on the serious separation of powers concerns in requiring such notice. See Almurbati, 366 F. Supp. 2d at 81; Order (dkt. no. 9), Battayav v. Bush, No. 05-CV-714 (RBW) (D.D.C. May 3, 2005). For the reasons set forth in the Court's prior decisions, as well as the attached memorandum and declarations, respondents respectfully request that petitioner's demand that any stay of this case be conditioned on the provision of such advance notice be denied.

    Petitioner's request that any stay order imposed be accompanied by a preservation order is also effectively a request for injunctive relief. Petitioner simply requests the preservation of documents, but he fails to make any factual or legal showing that the equitable relief he seeks is warranted. Moreover, petitioner fails to acknowledge that this Court rejected a similar request for a preservation order in a related Guantanamo detainee case. See Order (dkt. no. 12), Battayav, supra n.1, at 4.

## CONCLUSION

For the reasons stated in respondents' motion to stay proceedings pending related appeals, and in this supporting reply memorandum, this Court should stay further proceedings in the instant case pending any identification of petitioner and the appeals of Judge Leon's decision in Khalid and Judge Green's decision in In re Guantanamo Detainee Cases, and the Court should deny petitioner's requested conditions on such a stay.

Dated:  December 1, 2005                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /s/ Marc A. Perez
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ (WA State Bar No. 33907)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4505
Fax:  (202) 616-8202

Attorneys for Respondents