# PETITIONERS' EXHIBITS

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————————— ) | **Civil Action Nos.** |
| ) | **02-CV-0299 (CKK), 02-CV-0828 (CKK),** |
| ) | **02-CV-1130 (CKK), 04-CV-1135 (ESH),** |
| ) | **04-CV-1136 (JDB), 04-CV-1137 (RMC),** |
| *In re* **Guantanamo Detainee Cases** ) | **04-CV-1142 (RJL), 04-CV-1144 (RWR),** |
| ) | **04-CV-1164 (RBW), 04-CV-1166 (RJL),** |
| ) | **04-CV-1194 (HHK), 04-CV-1227 (RBW),** |
| ) | **04-CV-1254 (HHK), 04-CV-1519 (JR)** |
| ———————————————————— ) | |

## AMENDED PROTECTIVE ORDER AND PROCEDURES FOR COUNSEL ACCESS TO DETAINEES AT THE UNITED STATES NAVAL BASE IN GUANTANAMO BAY, CUBA

This matter comes before the Court upon Respondents' Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and other protected information that may be reviewed by, made available to, or are otherwise in the possession of, the petitioners and/or petitioners' counsel in these coordinated cases. Pursuant to the general supervisory authority of the Court, in order to protect the national security, and for good cause shown,

IT IS ORDERED:

1. The Court finds that these cases involve classified national security information or documents, the storage, handling and control of which require special security precautions, and access to which requires a security clearance and a "need to know." These cases may also involve other protected information or documents, the storage, handling and control of which may require special precautions in order to protect the security of United States government personnel and facilities, and other significant government interests.

2. The purpose of this Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in

these cases, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with these cases, including the privilege team as defined in Exhibit A.

3.      The procedures set forth in this Protective Order will apply to all aspects of these cases, and may be modified by further order of the Court *sua sponte* or upon application by any party.  The Court will retain continuing jurisdiction to enforce or modify the terms of this Order.

4.      Nothing in this Order is intended to or does preclude the use of classified information by the government as otherwise authorized by law outside of these actions.

5.      Petitioners' counsel shall be responsible for advising their employees, the petitioners, and others of the contents of this Protective Order, as appropriate or needed.

6.      Petitioners' counsel are bound by the terms and conditions set forth in the "Revised Procedures For Counsel Access To Detainees At the U.S. Naval Base In Guantanamo Bay, Cuba," and the procedures for handling mail and documents brought into and out of counsel meetings, attached hereto as Exhibit A.  This Protective Order specifically incorporates by reference all terms and conditions established in the procedures contained in Exhibit A to the extent they place limitations on petitioners' counsel in their access to and interaction with petitioners or handling of information.  Any violation of the terms and conditions of those procedures will also be deemed a violation of this Protective Order.  This paragraph does not apply with respect to provisions in the procedures contained in Exhibit A that are or have been overridden by the Court.

7.      The privilege team shall not disclose to any person any information provided by counsel for a petitioner or by a petitioner, other than information provided in a filing with the Court, unless such information, if it were monitored information, could be disclosed under Section X of Exhibit A.  Such disclosure shall be consistent with the provisions of Section X of Exhibit A.

2

Definitions

8.      As used herein, the words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

        a.      papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

        b.      graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

        c.      electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

        d.      information acquired orally.

9.      The terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

        a.      any classified document or information that has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE

3

COMPARTMENTED INFORMATION (SCI)," or any classified information contained in such document;

        b.      any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party that has been derived from United States government information that was classified, regardless of whether such document or information has subsequently been classified by the government pursuant to Executive Order, including Executive Order 12958, as amended, or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

        c.      verbal or non-documentary classified information known to the petitioner or petitioners' counsel; or

        d.      any document and information as to which the petitioner or petitioners' counsel have been notified orally or in writing that such documents or information contains classified information.

      10.      All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the original classification authority of the document or the information contained therein (hereinafter, the "original classification authority").

      11.      The terms "protected information and/or documents," "protected information" and "protected documents" refer to any document or information deemed by the Court, either upon application by counsel or *sua sponte*, as worthy of special treatment as if the document or information were classified, even if the document or information has not been formally deemed to be classified.

      12.      For purposes of this Protective Order, "petitioners' counsel" shall be defined to include an attorney who is employed or retained by or on behalf of a petitioner for purposes of

representing the petitioner in habeas corpus or other litigation in federal court in the United States, as well as co-counsel, interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

13.     "Access to classified information" or "access to protected information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information or protected information.

14.     "Secure area" shall mean a physical facility accredited or approved for the storage, handling, and control of classified information.

15.     "Unauthorized disclosure of classified information" shall mean any knowing, willful or negligent action that could reasonably be expected to result in a communication or physical transfer of classified information to an unauthorized recipient.

<u>Designation of Court Security Officer</u>

16.     The Court designates Christine E. Gunning as Court Security Officer for these cases, and Joan B. Kendrall, Michael P. Macisso, James P. Londergan, Mary M. Cradlin, Daniel O. Hartenstine, John P. Molinard, Jennifer Campbell, and Barbara J. Russell as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure of any classified documents or information, or protected documents or information, to be made available in connection with these cases.  Petitioners' counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents or information.

<u>Access to Classified Information and Documents</u>

17.    Without authorization from the government, no petitioner or petitioners' counsel shall have access to any classified information involved in these cases unless that person shall first have:

a.    made a written submission to the Court Security Officer precisely stating the reasons why counsel has a need to know the classified information requested; and

b.    received the necessary security clearance as determined by the Department of Justice Security Officer; and

c.    signed the Memorandum of Understanding ("MOU"), attached hereto as Exhibit B, agreeing to comply with the terms of this Protective Order.

The written submissions that are made by counsel to the Court Security Officer stating the reasons why counsel has a need to know the classified information requested shall be kept confidential by the Court Security Officer and shall not be disclosed to any other counsel or party to these cases unless the Court specifically orders such disclosure.

18.    Petitioners' counsel to be provided access to classified information shall execute the MOU appended to this Protective Order, and shall file executed originals with the Court and submit copies to the Court Security Officer and counsel for the government.  The execution and submission of the MOU is a condition precedent for petitioners' counsel to have access to, or continued access to, classified information for the purposes of this proceeding.

19.    The substitution, departure, or removal of petitioners' counsel from these cases for any reason shall not release that person from the provisions of this Protective Order or the MOU executed in connection with this Order.

20.     The government shall arrange for one appropriately approved secure area for the use of petitioners' counsel.  The secure area shall contain a working area that will be supplied with secure office equipment reasonable and necessary to the preparation of the petitioners' case. Expenses for the secure area and its equipment shall be borne by the government.

21.     The Court Security Officer shall establish procedures to ensure that the secure area is accessible to the petitioners' counsel during normal business hours and at other times on reasonable request as approved by the Court Security Officer.  The Court Security Officer shall establish procedures to ensure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information.  The Court Security Officer or Court Security Officer designee may place reasonable and necessary restrictions on the schedule of use of the secure area in order to accommodate appropriate access to all petitioners' counsel in this and other proceedings.

22.     All classified information provided by the government to counsel for petitioners, and all classified information otherwise possessed or maintained by petitioners' counsel, shall be stored, maintained, and used only in the secure area.

23.     No documents containing classified information may be removed from the secure area unless authorized by the Court Security Officer or Court Security Officer designee supervising the area.

24.     Consistent with other provisions of this Protective Order, petitioners' counsel shall have access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

25.     Petitioners' counsel shall not copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

26.     All documents prepared by petitioners or petitioners' counsel that do or may contain classified information (including without limitation, notes taken or memoranda prepared by counsel and pleadings or other documents intended for filing with the Court) shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.  Such activities shall take place in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer.  All such documents and any associated materials containing classified information (such as notes, memoranda, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) shall be maintained in the secure area unless and until the Court Security Officer advises that those documents or associated materials are unclassified in their entirety.  None of these materials shall be disclosed to counsel for the government unless authorized by the Court, by petitioners' counsel or as otherwise provided in this Protective Order.

27.     Petitioners' counsel shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system, and shall not transmit or discuss classified information in electronic mail communications of any kind.

28.     The Court Security Officer or Court Security Officer designee shall not reveal to any person the content of any conversations she or he may hear by or among petitioners' counsel, nor reveal the nature of documents being reviewed by them, or the work generated by them, except as necessary to report violations of this Protective Order to the Court or to carry out their duties pursuant to this Order.  In addition, the presence of the Court Security Officer or Court Security Officer designee shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege or work product protections.

8

29.     Petitioners' counsel shall not disclose the contents of any classified documents or information to any person, including counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order, the Court, and counsel for the government with the appropriate clearances and the need to know that information.  Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly in her well-reasoned opinion addressing counsel access procedures regarding petitioners Mohammed Ahmed al Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK), counsel for petitioners in these cases are presumed to have a "need to know" information both in their own cases and in related cases pending before this Court.  Therefore, and except as provided with respect to the three petitioners in Al Odah mentioned above, counsel for all petitioners in these cases who have satisfied all necessary prerequisites and follow all procedures set forth herein may share and discuss among themselves classified information to the extent necessary for the effective representation of their clients.  Counsel for respondents may challenge the "need to know" presumption on a case-by-case basis for good cause shown.

30.     Petitioners' counsel shall not disclose classified information not provided by petitioner-detainee to that petitioner-detainee.  Should petitioners' counsel desire to disclose classified information not provided by petitioner-detainee to that petitioner-detainee, petitioners' counsel will provide in writing to the privilege review team (See Exhibit A) a request for release clearly stating the classified information they seek to release.  The privilege review team will forward the petitioner counsel's request to the appropriate government agency authorized to declassify the classified information for a determination.  The privilege review team will inform petitioners' counsel of the determination once it is made.

31.     No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be classified in connection with any hearing or proceeding in these cases except as otherwise provided herein.

32.     Except as otherwise stated in this paragraph and to ensure the security of the United States of America, at no time, including any period subsequent to the conclusion of the proceedings, shall petitioners' counsel make any public or private statements disclosing any classified information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are classified.  In the event that classified information enters the public domain, however, counsel is not precluded from making private or public statements about the information already in the public domain, but only to the extent that the information is in fact in the public domain.  Counsel may not make any public or private statements revealing personal knowledge from non-public sources regarding the classified or protected status of the information or disclosing that counsel had personal access to classified or protected information confirming, contradicting, or otherwise relating to the information already in the public domain.  In an abundance of caution and to help ensure clarity on this matter, the Court emphasizes that counsel shall not be the source of any classified or protected information entering the public domain.

As stated in more detail in paragraph 49 below, failure to comply with these rules may result in the revocation of counsel's security clearance as well as civil and/or criminal liability.

33.     The foregoing shall not prohibit petitioners' counsel from citing or repeating information in the public domain that petitioners' counsel does not know to be classified information or a classified document, or derived from classified information or a classified document.

34.     All documents containing classified information prepared, possessed or maintained by, or provided to, petitioners' counsel (except filings submitted to the Court and

10

served on counsel for the government), shall remain at all times in the control of the Court Security Officer for the duration of these cases.  Upon final resolution of these cases, including all appeals, all such documents shall be destroyed by the Court Security Officer.

Access to Protected Information and Documents

35.    Without authorization from the government or the Court, protected information shall not be disclosed or distributed to any person or entity other than the following:

a.    petitioners' counsel, provided such individuals have signed the Acknowledgment, attached hereto as Exhibit C, attesting to the fact that they have read this Protective Order and agree to be bound by its terms; and

b.    the Court and its support personnel.

36.    The execution of the Acknowledgment is a condition precedent for petitioners' counsel to have access to, or continued access to, protected information for the purposes of this proceeding.  A copy of each executed Acknowledgment shall be kept by counsel making the disclosure until thirty (30) days after the termination of this action, including appeals.

37.    The substitution, departure, or removal of petitioners' counsel from these cases for any reason shall not release that person from the provisions of this Protective Order or the Acknowledgment executed in connection with this Protective Order.

38.    Petitioners' counsel shall not disclose the contents of any protected documents or information to any person, to include counsel in related cases brought by Guantanamo Bay detainees in this or other courts, except those authorized pursuant to this Protective Order, the Court, or counsel for the government.  Except as otherwise specifically provided by Judge Colleen Kollar-Kotelly with respect to counsel for petitioners Mohammed Ahmed al Kandari, Fawzi Khalid Abdullah Fahad al Odah, and Khalid Abdullah Mishal al Mutairi in Al Odah v. United States, 02-CV-0828 (CKK), counsel for petitioners in these coordinated cases may share protected information with each other but only to the extent that counsel have appropriate

11

security clearances and that all other procedures set forth in this Protective Order are complied with.  Petitioners' counsel shall maintain all protected information and documents received through this proceeding in a confidential manner.

39.    Petitioners' counsel shall not disclose protected information not provided by petitioner-detainee to that petitioner-detainee without prior concurrence of counsel for the government or express permission of the Court.

40.    No petitioner or counsel for petitioner shall disclose or cause to be disclosed any information known or believed to be protected in connection with any hearing or proceeding in these cases except as otherwise provided herein.

41.    At no time, including any period subsequent to the conclusion of the proceedings, will petitioners' counsel make any public or private statements disclosing any protected information or documents accessed pursuant to this Protective Order, including the fact that any such information or documents are protected.

42.    Protected information shall be used only for purposes directly related to these cases and not for any other litigation or proceeding, except by leave of the Court.  Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

43.    Nothing in this Protective Order shall prevent the government from using for any purpose protected information it provides a party.  Nothing in this Protective Order shall entitle another party to protected information.

44.    Supplying protected information to another party does not waive privilege with respect to any person or use outside that permitted by this Protective Order.

45.    Within sixty (60) days of the resolution of these actions, and the termination of any appeals therefrom, all protected documents or information, and any copies thereof, shall be promptly destroyed, provided that the party to whom protected information is disclosed certifies

in writing that all designated documents and materials have been destroyed, and further provided

that counsel for the government may retain one complete set of any such materials that were

presented in any form to the Court.  Any such retained materials shall be placed in an envelope or

envelopes marked "Protected Information Subject to Protective Order."  In any subsequent or

collateral proceeding, a party may seek discovery of such materials from the government, without

prejudice to the government's right to oppose such discovery or its ability to dispose of the

materials pursuant to its general document retention policies.

Procedures for Filing Documents

46.    Until further order of this Court, any pleadings or other document filed by a

petitioner shall be filed under seal with the Court through the Court Security Officer unless the

petitioner has obtained from the Court Security Officer permission, specific to a particular, non-

substantive pleading or document (e.g., motions for extensions of time, continuances, scheduling

matters, etc.) not containing information that is or may be classified or protected, to file the

pleading or document not under seal.  The date and time of physical submission to the Court

Security Officer shall be considered the date and time of filing with the Court.  The Court

Security Officer shall promptly examine the pleading or document and forward it to the

appropriate agencies for their determination whether the pleading or document contains classified

information.  If it is determined that the pleading or document contains classified information,

the Court Security Officer shall ensure that portion of the document, and only that portion, is

marked with the appropriate classification marking and that the document remains under seal.  If

it is determined that the pleading or document contains protected information, the Court Security

Officer shall ensure that portion of the document, and only that portion, remains under seal.  Any

document filed by petitioner that is determined not to contain classified information or protected

information, and is not subject to any other restrictions on disclosure, shall immediately be

unsealed by the Court Security Officer and placed in the public record.  The Court Security

13

Officer shall immediately deliver under seal to the Court and counsel for the government any

pleading or document to be filed by petitioners that contains classified information or protected

information. The Court shall then direct the clerk to enter on the docket sheet the title of the

pleading or document, the date it was filed, and the fact that it has been filed under seal with the

Court Security Officer.

47.     Any pleading or other document filed by the government containing classified

information shall be filed under seal with the Court through the Court Security Officer. The date

and time of physical submission to the Court Security Officer shall be considered the date and

time of filing with the Court. The Court Security Officer shall serve a copy of any classified

pleadings by the government upon the Petitioner at the secure facility.

48.     Nothing herein shall require the government to disclose classified or protected

information. Nor shall anything herein prohibit the government from submitting classified

information or protected information to the Court *in camera* or *ex parte* in these proceedings, or

entitle petitioners or petitioners' counsel access to such submissions or information. Except for

good cause shown in the filing, the government shall provide counsel for the petitioner or

petitioners with notice served on such counsel on the date of the filing.

<u>Penalties for Unauthorized Disclosure</u>

49.     Any unauthorized disclosure of classified information may constitute violations of

United States criminal laws. In addition, any violation of the terms of this Protective Order shall

be immediately brought to the attention of the Court and may result in a charge of contempt of

Court and possible referral for criminal prosecution. <u>See</u> <u>e.g.</u>, Executive Order 12958, as

amended. Any breach of this Protective Order may also result in the termination of access to

classified information and protected information. Persons subject to this Protective Order are

advised that direct or indirect unauthorized disclosure, retention, or negligent handling of

classified documents or information could cause damage to the national security of the United

States or may be used to the advantage of an adversary of the United States or against the interests of the United States.  Persons subject to this Protective Order are also advised that direct or indirect unauthorized disclosure, retention, or negligent handling of protected documents or information could risk the security of United States government personnel and facilities, and other significant government interests.  This Protective Order is to ensure that those authorized to receive classified information and protected information will not divulge this information to anyone who is not authorized to receive it, without prior written authorization from the original classification authority and in conformity with this Protective Order.

50.    The termination of these proceedings shall not relieve any person or party provided classified information or protected information of his, her, or its obligations under this Protective Order.


IT IS SO ORDERED.

November 8, 2004                                _____/s/_____
                                                JOYCE HENS GREEN
                                                United States District Judge

15

Exhibit A

EXHIBIT A

**REVISED PROCEDURES FOR COUNSEL ACCESS TO DETAINEES
AT THE U.S. NAVAL BASE IN GUANTANAMO BAY, CUBA**

## I.  Applicability

Except as otherwise stated herein or by other Order issued in the United States District Court for the District of Columbia, the following procedures shall govern counsel access to all detainees in the control of the Department of Defense ("DoD") at the U.S. Naval Base in Guantanamo Bay, Cuba ("GTMO") by counsel for purposes of litigating the cases in which this Order is issued.

These procedures do not apply to counsel who are retained solely to assist in the defense of a detainee in a trial by military commission.  Access by that counsel is covered by the Procedures for Monitoring Communications Between Detainees Subject to Trial by Military Commission and their Defense Counsel Pursuant to Military Commission Order No. 3.

## II.  Definitions

A.  <u>Communications</u>:  All forms of communication between counsel and a detainee, including oral, written, electronic, or by any other means.

B.  <u>Counsel</u>:  An attorney who is employed or retained by or on behalf of a detainee for purposes of representing the detainee in the United States District Court for the District of Columbia and who is admitted, either generally or pro hac vice, in this Court.  Unless otherwise stated, "counsel" also includes co-counsel, interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation.

C.  <u>Detainee</u>:  An individual detained by DoD as an alleged enemy combatant at the U.S. Naval Base in Guantanamo Bay, Cuba.

D.  <u>Privilege Team</u>:  A team comprised of one or more DoD attorneys and one or more intelligence or law enforcement personnel who have not taken part in, and, in the future, will not take part in, any domestic or foreign court, military commission or combatant status tribunal proceedings involving the detainee.  If required, the privilege team may include interpreters/translators, provided that such personnel meet these same criteria.

E.  <u>Legal Mail</u>:  Letters written between counsel and a detainee that are related to the counsel's representation of the detainee, as well as privileged documents and publicly-filed legal documents relating to that representation.

1

EXHIBIT A

## III.  Requirements for Access to and Communication with Detainees

A.  Security Clearance:

    1.      Counsel must hold a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).

    2.      Counsel who possess a valid security clearance shall provide, in writing, the date of their background investigation, the date such clearance was granted, the level of the clearance, and the agency who granted the clearance.  Access will be granted only after DoD verification of the security clearance.

    3.      Counsel who does not currently possess a Secret clearance will be required to submit to an application for clearance to the Department of Justice, Litigation Security Division.

B.  Acknowledgment of and Compliance with Access Procedures

    1.      Before being granted access to the detainee, counsel will receive a copy of these procedures.  To have access to the detainee, counsel must agree to comply fully with these procedures and must sign an affirmation acknowledging his/her agreement to comply with them.

    2.      This affirmation will not be considered an acknowledgment by counsel that the procedures are legally permissible.  Even if counsel elects to challenge these procedures, counsel may not knowingly disobey an obligation imposed by these procedures.

    3.      The DoD expects that counsel, counsel's staff, and anyone acting on the behalf of the attorney will fully abide by the requirements of this document.  Counsel is required to provide the DoD with signed affirmations from interpreters, translators, paralegals, investigators and all other personnel or support staff employed or engaged to assist in the litigation, upon utilization of those individuals by counsel in a manner that implicates these procedures.

    4.      Should counsel fail to comply with the procedures set forth in this document, access to or communication with the detainee will not be permitted.

C.  Verification of Representation

    1.      Prior to being permitted access to the detainee, counsel must provide DoD with a *Notification of Representation*.  This Notification must include the counsel's licensing information, business and email addresses and phone number, as well as

2

the name of the detainee being represented by the counsel.  Additionally, counsel shall provide evidence of his or her authority to represent the detainee.

2.     Counsel shall provide evidence of his or her authority to represent the detainee as soon as practicable and in any event no later than ten (10) days after the conclusion of a second visit with the detainee.  The Court recognizes that counsel may not be in a position to present such evidence after the initial meeting with a detainee.  Counsel for detainees and counsel for respondents shall cooperate to the fullest extent possible to reach a reasonable agreement on the number of counsel visits allowed.  Should counsel for a detainee believe that the government is unreasonably limiting the number of visits with a detainee, counsel may petition the Court at the appropriate time for relief.

3.     If the counsel withdraws from representation of the detainee or if the representation is otherwise terminated, counsel is required to inform DoD immediately of that change in circumstances.

4.     Counsel must provide DoD with a signed representation stating that to the best of counsel's knowledge after reasonable inquiry, the source of funds to pay counsel any fees or reimbursement of expenses are not funded directly or indirectly by persons or entities the counsel believes are connected to terrorism or the product of terrorist activities, including "Specially Designated Global Terrorists," identified pursuant to Exec. Order No. 13,224, 66 Fed. Reg. 49,079 (Sept. 23, 2001) or Exec. Order No. 12,947, 60 Fed. Reg. 5079 (Jan. 23, 1995), and (b) counsel has complied with ABA Model Rule 1.8(f).

D.  Logistics of Counsel Visits

1.     Counsel shall submit to the Department of Justice (DoJ) any request to meet with a detainee.  This request shall specify date(s) of availability for the meeting, the desired duration of the meeting and the language that will be utilized during the meeting with the detainee.  Reasonable efforts will be made to accommodate the counsel's request regarding the scheduling of a meeting.  Once the request has been approved, DoJ will contact counsel with the date and duration of the meeting.

2.     Legal visits shall take place in a room designated by JTF-Guantanamo.  No more than two attorneys (or one attorney and one assistant) plus one interpreter/translator shall visit with a detainee at one time, unless approved in advance by the Commander, JTF-Guantanamo.  Such approval shall not be unreasonably withheld.

3.     Due to the mission and location of the US Naval Base at Guantanamo Bay, Cuba, certain logistical details will need to be coordinated by counsel prior to arrival.  This includes arrangements for travel and lodging.  Specific information regarding these issues will be provided by DoJ.

EXHIBIT A

4.    In order to travel to GTMO, all counsel must have a country and theater clearance for that specific visit.  In order to begin processing country and theater clearances, counsel must have confirmed flight information for travel to GTMO and a valid current United States security clearance at the Secret level or higher, or its equivalent (as determined by appropriate DoD intelligence personnel).  Country and theater clearances require twenty (20) days to process.  Accordingly, counsel shall provide DoD, through DoJ, with the required information no later than 20 days prior to the GTMO visit date, or as soon as a visit is scheduled.  Requests for visits made inside of 20 days will not normally be granted.

## IV.  Procedures for Correspondence Between Counsel and Detainee

A.  <u>Mail Sent by Counsel to Detainee ("Incoming Mail")</u>

1.    Counsel shall send incoming legal mail for a detainee to the privilege team at the appropriate address provided by government counsel.  Each envelope or mailer shall be labeled with the name of the detainee and shall include a return address for counsel sending the materials.  The outside of the envelope or mailer for incoming legal mail shall be labeled clearly with the following annotation: "Attorney-Detainee Materials-For Mail Delivery to Detainee."

2.    Each page of legal mail shall be labeled "Attorney-Detainee Materials."  No staples, paper clips or any non-paper items shall be included with the documents.

3.    Upon receiving legal mail from counsel for delivery to the detainee, the privilege team shall open the envelope or mailer to search the contents for prohibited physical contraband.  Within two (2) business days of receipt of legal mail, and assuming no physical contraband is present, the privilege team shall forward the mail to military personnel at GTMO in a sealed envelope marked "Legal Mail Approved by Privilege Team" and clearly indicating the identity of the detainee to which the legal mail is to be delivered.  The privilege team shall return to the sender any incoming mail that does not comply with the terms of paragraphs IV.A.1., 2.

4.    Within two (2) business days of receipt of legal mail from the privilege team, personnel at GTMO shall deliver the envelope or mailer marked by the privilege team as "Legal Mail Approved by the Privilege Team" to the detainee without opening the envelope or mailer.  If counsel desires confirmation that the documents were delivered to the detainee, counsel is responsible for providing a stamped, self-addressed envelope for that purpose.  The detainee shall be responsible for mailing any confirmation of delivery to counsel as outgoing legal mail.  This method shall be the sole and exclusive means by which confirmation of delivery is provided to counsel.

4

EXHIBIT A

5.      Written correspondence to a detainee not falling within the definition of legal mail shall be sent through the United States Postal Service to the appropriate address provided by government counsel.  Non-legal mail includes, but is not limited to, letters from persons other than counsel, including family and friends of the detainee.  These non-privileged communications will be reviewed by military personnel at GTMO under the standard operating procedures for detainee non-legal mail.

6.      Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise by the privilege team or by this Court or another court.  Accordingly, if a counsel's correspondence contains any summary or recitation of or reference to a communication with a detainee that has not been previously determined to be unclassified, the correspondence shall be prepared, marked, transported and handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information and Security Supplement to DOD Regulation 5200.1R.

7.      Written and oral communications with a detainee, including all incoming legal mail, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

B.  Mail Sent by Detainee to Counsel ("Outgoing Mail")

1.      Detainees will be provided with paper to prepare communications to counsel.  In the presence of military personnel, the detainee will seal the written communication into an envelope and it will be annotated as "Attorney-Detainee Materials-For Mail Delivery To Counsel."  Each envelope shall be labeled with the name of the detainee and the counsel.  Envelopes annotated with the name of persons other the detainee's counsel (including family/friends or other attorneys) shall be processed according to the standard operating procedures for detainee non-legal mail.

2.      Military personnel will collect the outgoing legal mail within one (1) business day of being notified by the detainee that the communication is prepared for sealing and mailing.

3.      After the outgoing legal mail is collected from the detainee, the envelope will be sealed into a larger envelope by military personnel at Guantanamo which will be marked as "Attorney-Detainee Materials-For Mail Delivery To Counsel" and will

5

be annotated with the name of the detainee and the counsel.  The envelope will be sealed and mailed in the manner required for classified materials.  Within two (2) business days of receipt from the detainee, the communication will be mailed to the appropriate address as provided by government counsel.

4.    Detainees also are permitted to send non-legal mail, including written communications to persons other than counsel, through the United States Postal Service.  These communications shall be reviewed by military personnel at Guantanamo under the standard operating procedures for detainee non-legal mail.

5.    In the event any non-legal correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) are sent to counsel as, or included with, legal mail, counsel shall return the documents to military personnel at GTMO for processing according to the standard operating procedures for detainee non-legal mail.

## V.  Materials Brought Into A Meeting With Detainee And Counsel

A.    Counsel shall bring only legal mail, writing utensils and paper into any meeting with a detainee unless counsel has received prior approval from the Commander, JTF-GTMO.  The Commander shall not unreasonably withhold approval for counsel to bring into a meeting with a detainee letters, tapes, or other communications introducing counsel to the detainee, if the government has first reviewed the communication and determined that sharing the communication with the detainee would not threaten the security of the United States.

B.    Written and oral communications with a detainee, including all documents brought into a meeting with a detainee, shall not include information relating to any ongoing or completed military, intelligence, security, or law enforcement operations, investigations, or arrests, or the results of such activities, by any nation or agency or current political events in any country that are not directly related to counsel's representation of that detainee; or security procedures at GTMO (including names of U.S. Government personnel and the layout of camp facilities) or the status of other detainees, not directly related to counsel's representation.

## VI.  Materials Brought Out Of A Meeting With Detainee and Counsel

A.    Upon the completion of each meeting with a detainee or during any break in a meeting session, counsel will give the notes or documents used or produced during the meeting to a designated individual at Guantanamo.  These materials will be sealed in the presence of counsel and will be handled as classified material as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

B.    Upon the completion of the counsel's visit to Guantanamo, the notes or documents used or produced during the visit shall be sealed in the presence of

EXHIBIT A

counsel and placed in an envelope labeled as "Attorney-Detainee Meeting Documents–For Delivery to Counsel." The envelope shall be sealed into a larger envelope by military personnel at Guantanamo which shall be marked as "Attorney-Detainee Meeting Documents-For Mail Delivery To Counsel" and shall be annotated with the name of the detainee and the counsel. The envelope shall be sealed and mailed in the manner required for classified materials. Within two (2) business days following the completion of the counsel's visit to Guantanamo, the package shall be mailed to the appropriate address provided by government counsel.

C.     Correspondence or messages from a detainee to individuals other than his counsel (including family/friends or other attorneys) shall not be handled through this process. If a detainee provides these communications to his counsel during a visit, counsel shall give those communications to military personnel at Guantanamo so they can be processed under the standard operating procedures for detainee non-legal mail.

## VII. Classification Determination of Detainee Communications

A.     Counsel may submit information learned from a detainee to the privilege team for a determination of its appropriate security classification. Counsel shall memorialize the information submitted for classification review into a written memorandum outlining as specifically as possible the information for which counsel requests a classification determination. All documents submitted for classification review shall be prepared, handled and treated in the manner required for classified materials, as provided by as required by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R. No information derived from these submissions shall be disclosed outside the privilege team pursuant to these procedures until after the privilege team has reviewed it for security and intelligence purposes. Absent express consent given by the Court, or except as otherwise provided in this document, the submissions shall not be disclosed to any person involved in the interrogation of a detainee, and no such individual may make any use of those communications whatsoever, nor shall the submissions be disclosed to any Government personnel involved in any domestic or foreign court, military commission or combatant status tribunal proceedings involving the detainee.

B.     Counsel shall send all materials submitted for classification review to the appropriate address to be provided by government counsel. The outside of the envelope or mailer shall be clearly labeled "Attorney-Detainee Meeting Documents-For Classification Review By Privilege Team." Each envelope or mailer shall be annotated with the name of the detainee and the counsel. Each page of the document submitted for classification review shall be marked "Attorney-Detainee Materials" and "Classified." The envelope or mailer will be sealed and mailed in the manner required for classified materials.

7

EXHIBIT A

C.    As soon as possible after conducting the classification review, the privilege team shall advise counsel of the classification levels of the information contained in the materials submitted for review.  The privilege team shall forward its classification determination directly to counsel after a review and analysis period not to exceed, from the time of receipt by the privilege team:

1. Seven (7) business days for information that is written in the English language;

2. Fourteen (14) business days for any information that includes writing in any language other than English, to allow for translations by the privilege team;

3. Twenty (20) business days for any information where the privilege team has reason to believe that a code was used, to allow for further analysis.

D.    While conducting classification review, the privilege team shall promptly report any information that reasonably could be expected to result in immediate and substantial harm to the national security to the Commander, JTF-Guantanamo.  In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials as appropriate.

E.    If, at any time, the privilege team determines that information in the documents submitted for classification review relate to imminent acts of violence, the privilege team shall report the contents of those documents to Commander, JTF-Guantanamo.  In his discretion, the Commander, JTF-Guantanamo may disseminate the relevant portions of the information to law enforcement, military and intelligence officials.

F.    The privilege team shall not disclose any information submitted by counsel for classification review outside the privilege team, except as provided by these procedures or as permitted by counsel submitting the information.

## VIII.  Telephonic Access to Detainee

A.    Requests for telephonic access to the detainee by counsel or other persons will not normally be approved. Such requests may be considered on a case-by-case basis due to special circumstances and must be submitted to Commander, JTF-Guantanamo.

B.    Any telephonic access by counsel will be subject to appropriate security procedures, but shall not include contemporaneous monitoring or recording.

C.    Any telephonic access by persons other than counsel will be subject to appropriate security procedures, including contemporaneous monitoring and recording.

8

EXHIBIT A

## IX. Counsel's Handling And Dissemination Of Information From Detainee

A.    Subject to the terms of any applicable protective order, counsel may disseminate the unclassified contents of the detainee's communications for purposes reasonably related to their representation of that detainee.

B.    Counsel is required to treat all information learned from a detainee, including any oral and written communications with a detainee, as classified information, unless and until the information is submitted to the privilege team and determined to be otherwise. All classified material must be handled, transported and stored in a secure manner, as provided by Executive Order 12958, DOD Regulation 5200.1-R and AI 26, OSD Information Security Supplement to DOD Regulation 5200.1R.

C.    Counsel shall disclose to DoJ or Commander, JTF-Guantanamo any information learned from a detainee involving future events that threaten national security or involve imminent violence.

D.    Counsel may not divulge classified information not learned from the detainee to the detainee. Counsel may not otherwise divulge classified information related to a detainee's case to anyone except those with the requisite security clearance and need to know using a secure means of communication. Counsel for detainees in the coordinated cases pending in the United States District Court for the District of Columbia are presumed to have a "need to know" information in related cases pending before this Court. Counsel for respondents in those cases may challenge this presumption on a case-by-case basis for good cause shown.

## X. JTF-Guantanamo Security Procedures

A.    Counsel and translators/interpreters shall comply with the following security procedures and force protection safeguards applicable to the US Naval Base in Guantanamo Bay, Cuba, JTF-Guantanamo and the personnel assigned to or visiting these locations, as well as any supplemental procedures implemented by JTF-Guantanamo personnel.

B.    Contraband is not permitted in JTF-Guantanamo and all visitors are subject to search upon arrival and departure. Examples of contraband include, but are not limited to, weapons, chemicals, drugs, and materials that may be used in an escape attempt. Contraband also includes money, stamps, cigarettes, writing instruments, etc. No items of any kind may be provided to the detainee without the advance approval of the Commander, JTF-Guantanamo.

C.    Photography or recording of any type is prohibited without the prior approval of the Commander, JTF-Guantanamo. No electronic communication devices are permitted. All recording devices, cameras, pagers, cellular phones, PDAs, laptops, portable electronic devices and related equipment are prohibited in or near JTF-Guantanamo. Should any of these devices be inadvertently taken into a

9

EXHIBIT A

prohibited area, the device must be surrendered to JTF-Guantanamo staff and purged of all information.

D. Upon arrival at JTF-Guantanamo, security personnel will perform a contraband inspection of counsel and translators/interpreters using metal detectors as well as a physical inspection of counsel's bags and briefcases and, if determined necessary, a physical inspection of his/her person.

E. Counsel shall not be permitted to interview or question members of the Joint Task Force about their duties or interactions with detainees without first obtaining permission from the Commander, Joint Task Force Guantanamo.  Should permission be unreasonably denied, counsel may seek an Order from this Court granting permission for good cause shown.

F. Counsel will meet with a detainee in conference facilities provided by GTMO. These facilities are subject to visual monitoring by closed circuit TV for safety and security reasons.  (The only other method of visual observation available is for the door to remain open with military police sitting outside the door.).  No oral communications between counsel and detainee will be heard.

G. At the conclusion of a meeting with a detainee, counsel and translators/interpreters will again be inspected using a metal detector and, if deemed necessary, by physical inspection of their persons.

10

Exhibit B

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
, et al.                      )
                              )
        Petitioners,          )
                              )
     v.                       )  Civil Action No.
                              )
GEORGE W. BUSH,               )
     President of the United  )
     States, et al.,          )
                              )
        Respondents.          )
```

**MEMORANDUM OF UNDERSTANDING REGARDING ACCESS TO
CLASSIFIED NATIONAL SECURITY INFORMATION**

Having familiarized myself with the applicable statutes, regulations, and orders related to, but not limited to, unauthorized disclosure of classified information, espionage and related offenses; The Intelligence Identities Protection Act, 50 U.S.C. § 421; 18 U.S.C. § 641; 50 U.S.C. § 783; 28 C.F.R. § 17 et seq.; and Executive Order 12958; I understand that I may be the recipient of information and documents that belong to the United States and concern the present and future security of the United States, and that such documents and information together with the methods and sources of collecting it are classified by the United States government.  In consideration for the disclosure of classified information and documents:

(1)  I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified

EXHIBIT B

documents and information unless specifically authorized in
writing to do so by an authorized representative of the United
States government, or as expressly authorized by the Protective
Order entered in the United States District Court for the
District of Columbia in the case captioned _____ v. George
W. Bush, No. _____.

(2)  I agree that this Memorandum of Understanding and any
other non-disclosure agreement signed by me will remain forever
binding on me.

(3) I have received, read, and understand the Protective
Order entered by the United States District Court for the
District of Columbia in the case captioned _____ v. George
W. Bush, No. _____, and I agree to comply with the provisions
thereof.


_____          _____
                                         Date


_____          _____
                                         Date

2

Exhibit C

EXHIBIT C

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the District of Columbia in the case captioned _____ v. George W. Bush, No. _____, understands its terms, and agrees to be bound by each of those terms.  Specifically, and without limitation, the undersigned agrees not to use or disclose any protected information or documents made available to him/her other than as provided by the Protective Order.  The undersigned acknowledges that his/her duties under the Protective Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.


DATED: _____   BY: _____
                            (type or print name)


                       SIGNED: _____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re* **Guantanamo Detainee Cases** ) | **Civil Action Nos.** <br> **02-CV-0299 (CKK), 02-CV-0828 (CKK),** <br> **02-CV-1130 (CKK), 04-CV-1135 (ESH),** <br> **04-CV-1136 (JDB), 04-CV-1137 (RMC),** <br> **04-CV-1142 (RJL), 04-CV-1144 (RWR),** <br> **04-CV-1164 (RBW), 04-CV-1166 (RJL),** <br> **04-CV-1194 (HHK), 04-CV-1227 (RBW),** <br> **04-CV-1254 (HHK), 04-CV-1519 (JR)** |

## ORDER ADDRESSING DESIGNATION PROCEDURES
## FOR "PROTECTED INFORMATION"

On November 8, 2004, counsel for respondents in these coordinated cases filed a motion requesting the Court to designate as "protected information" the unclassified information contained in the respondents' factual returns to the petitions for writs of habeas corpus that is not filed on the public record. Counsel for certain petitioners filed responses stating that they could not take a position on the respondents' motion until they or a designated representative had an opportunity to review the material that the respondents seek to have declared "protected."

In the interest of the efficient administration of these proceedings, it is hereby

ORDERED that should counsel for respondents in these consolidated cases wish to have the Court deem any information "protected" pursuant to the Court's November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, counsel for respondents shall disclose the information to qualified counsel for petitioners and attempt to reach an agreement regarding the designation of the information prior to filing a motion with the Court. "Qualified counsel" for petitioners means those counsel who have satisfied the necessary prerequisites set forth in the Amended

Protective Order for the viewing of protected information.

It is FURTHER ORDERED that counsel for petitioners shall treat such disclosed information as "protected" unless and until the Court rules that the information should not be designated as "protected."

It is FURTHER ORDERED that counsel for petitioners shall make their best efforts to designate one attorney as a representative to review the information on their behalf and to negotiate with counsel for respondents prior to the filing of any motions to deem information "protected."

With respect to the November 8, 2004 Motion to Designate as "Protected Information" Unclassified Information in Factual Returns to Petitions for Writ of Habeas Corpus That is Not Filed on the Public Record, it is hereby

ORDERED that counsel for respondents shall deliver the information they seek to be deemed "protected" to the Court Security Officer at the designated secured facility on or before November 17, 2004.

It is FURTHER ORDERED that the Court Security Officer shall notify counsel for the petitioners of the location of the secured facility on or before November 12, 2004.

It is FURTHER ORDERED that petitioners' counsel shall review at the secured facility the information at issue and shall notify the Court of their position with respect to the designation of the information on or before November 19, 2004.

IT IS SO ORDERED.
November 10, 2004                              _____/s/_____
                                                      JOYCE HENS GREEN
                                                      United States District Judge

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | **Civil Action Nos.** |
|  | ) | **02-CV-0299 (CKK), 02-CV-0828 (CKK),** |
|  | ) | **02-CV-1130 (CKK), 04-CV-1135 (ESH),** |
|  | ) | **04-CV-1136 (JDB), 04-CV-1137 (RMC),** |
| *In re* **Guantanamo Detainee Cases** | ) | **04-CV-1144 (RWR), 04-CV-1164 (RBW),** |
|  | ) | **04-CV-1194 (HHK), 04-CV-1227 (RBW),** |
|  | ) | **04-CV-1254 (HHK), 04-CV-1897 (RMC)** |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |

**ORDER SUPPLEMENTING AND AMENDING FILING PROCEDURES
CONTAINED IN NOVEMBER 8, 2004 AMENDED PROTECTIVE ORDER**

In its November 8, 2004 Amended Protective Order, the Court set forth procedures for the filing of documents by counsel in these coordinated cases.  Paragraph 46 governs the filing of documents by counsel for the petitioners and requires that all filings be first submitted under seal to the Court Security Officer ("CSO") to determine whether they contain classified or protected information.  If the CSO, in consultation with the appropriate agency, concludes that a particular filing does not contain any classified or protected information, ¶ 46 requires the unsealing of the document by the CSO and the filing of the document in the public record.  If the CSO, in consultation with the appropriate agency, concludes that a particular filing does contain classified or protected information, that information is to remain under seal and the unclassified and unprotected portions of the filing, if any, are to be placed in the public record.  Paragraph 47 governs the filing of classified materials by counsel for the respondents and requires counsel to submit classified filings under seal to the Court through the CSO.

It has recently come to the Court's attention that some confusion and certain difficulties have arisen with respect to the filing of documents containing classified or protected information. Most of the difficulties have arisen as a result of the nature of the Court's CM/ECF electronic filing system. To clarify and, hopefully, to improve the filing system, it is hereby

ORDERED that the "Procedures For Filing Documents" contained on pages 13 through 14 of the November 8, 2004 Amended Protective Order are modified and supplemented as follows:

All documents filed by a petitioner shall be filed under seal with the Court through the Court Security Officer for determination by the appropriate agency as to whether the documents contain classified or protected information. At the time of making a submission to the CSO, the attorney shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that a submission has been made to the CSO and specifying in general terms the nature of the filing without disclosing any potentially classified or protected information. It is the Court's understanding that the CM/ECF system requires counsel to attach a document to any entry made by them on the system. Accordingly, the document to be attached to the Notice of Filing in the CM/ECF system shall be a one page submission repeating in general terms the nature of the filing without disclosing any potentially classified or protected information and disclosing the date and time the document was delivered to the CSO for her review.

In the event that the CSO informs counsel for a petitioner that a proposed filing does not contain any classified or protected information, counsel shall then promptly file the full submission in the CM/ECF system and counsel shall make specific reference to the earlier docket

entry notifying the Court that the document had been submitted to the CSO for review.  The

docket entry description shall also state that the CSO has approved of the public filing of the

document.  The underlying document filed in the CM/ECF system shall contain a notation in the

upper right hand corner of the first page stating "PREVIOUSLY FILED WITH CSO AND

CLEARED FOR PUBLIC FILING."

     In the event that the CSO informs counsel for a petitioner that a proposed filing does in

fact contain some or all classified or protected information, counsel shall then promptly file in

the CM/ECF system a version of the document suitable for public viewing.  Unless an entire

document is deemed classified or protected, a "version of the document suitable for public

viewing" shall mean a document in which the portions of the document containing classified or

protected information are redacted.  Such document shall contain a notification in the upper right

hand corner of the first page stating "REDACTED VERSION FOR PUBLIC FILING CLEARED

BY CSO."   In the event an entire document is deemed classified or protected, a "version of the

document suitable for public viewing" shall mean a one page "half sheet" containing the caption

of the case, a version of the title of the document that does not disclose classified or protected

information, and a brief statement that the CSO has informed counsel that the entire document is

classified or protected.  The docket entry description in the CM/ECF system for the document

suitable for public viewing shall make specific reference to the earlier docket entry notifying the

Court that the document had been submitted to the CSO for review.

     Any pleading or other document filed by counsel for the respondents containing classified

or protected information shall be filed under seal with the Court through the CSO.  In addition,

3

counsel for respondents shall file in the CM/ECF system a version of the document suitable for public viewing as that phrase is defined in the preceding paragraph.

IT IS SO ORDERED.

December 13, 2004

_____/s/_____
JOYCE HENS GREEN
United States District Judge

# EXHIBIT B

# Petitioners' Exhibit B – Pending Motions by Petitioners

(where motions are amenable to common resolution by the Coordinating Judge, this is indicated in the "notes" column)

| Case Name | Case No. | Judge | Petitioner Name | ISN | Pending Motions | Notes |
|---|---|---|---|---|---|---|
| Al Odah v. United States | 02-cv-0828 | Kollar-Kotelly | | | (1) Petitioners' Motion for Sanctions | Docket # 293, July 21, 2006.  Motion is fully briefed and ripe for decision.  Appropriate for common resolution by Judge Hogan. |
| Al Odah v. United States | 02-cv-0828 | Kollar-Kotelly | | | (2) Petitioners' Emergency Motion for Injunction | Docket # 335, July 2, 2008.  Motion is fully briefed and ripe for expedited decision at earliest possible time. |
| Al Odah v. United States | 02-cv-0828 | Kollar-Kotelly | | | (3) Petitioners' Motion to Substitute Parties | Docket # 346, July 10, 2008.  Motion will be ripe for decision after government's time to oppose expires on July 24, 2008.  Potentially appropriate for common resolution by Judge Hogan. |
| Anam v. Bush | 04-cv-1194 | Kennedy | | | (1) Motion for Discovery | Docket # 90, January 10, 2005. Fully briefed (see docket # 91, 93). Potentially appropriate for common resolution by Judge Hogan. |
| Anam v. Bush | 04-cv-1194 | Kennedy | | | (2) Motion to Compel Respondents to Report on the Destruction of Relevant Evidence and for Amended Preservation Order | Docket # 192.  Motion to Compel Respondents to Report on the Destruction of Relevant Evidence and for Amended Preservation Order, filed on February 15, 2008 with the CSO.  Fully briefed, but none of Petitioners' filings with respect to this motion have been cleared and so are unavailable on the docket.  It is appropriate for the court to address this motion now.<br><br>While the motion addresses factual circumstances specific to movants, it is amenable for common resolution by Judge Hogan insofar as it seeks a report and preservation order that would be appropriate in all habeas cases. |

1

| | | | | | | |
|---|---|---|---|---|---|---|
| Paracha v. Bush | 04-cv-2022 | Friedman | Saifullah Paracha | 1094 | (1) Motion for discovery | Docket # 161, July 5, 2008. The motion for discovery is docket # 4 in the consolidated case, # 161 in petitioner's individual case. |
| Paracha v. Bush | 04-cv-2022 | Friedman | Saifullah Paracha | 1094 | (2) Motion for summary judgment | Docket # 28; Docket #90. The motion for summary judgment was docket # 28. The government opposed February 18, 2005, docket # 39, 40, and 41. The case was stayed March 23, 2005. Petitioner moved to set aside the stay and grant the summary judgment on July 7, 2006, docket # 90, and the government opposed July 25, 2006, docket # 96. |
| Al-Marri v. Bush | 04-cv-2035 | Kessler | Jarallah al-Marri | 334 | (1) Motion for leave to take discovery and for a preservation order | Docket # 12, January 6, 2005. |
| Al-Marri v. Bush | 04-cv-2035 | Kessler | Jarallah al-Marri | 334 | (2) Motion to compel Respondents to report on their compliance with the Court's Preservation Order of March 7, 2005 and their obligation to preserve potentially relevant evidence | Docket # 76, January 9, 2008. |
| Zemiri v. Bush | 04-cv-2046 | Kollar-Kotelly | Ahcene Zemiri | 533 | Motion to lift stay | Docket # 65, June 19, 2008. Appropriate for common resolution by Judge Hogan. |
| Deghayes et al., v. Bush | 04-cv-2215 | Collyer | Shaker Abdurraheem Aamer | 239 | Motion for preliminary injunction challenging continuing solitary confinement under brutal conditions. | Docket # 58, September 26, 2006. (The Court did not rule on the motion after Respondents moved to dismiss on jurisdictional grounds.) |
| Abdullah v. Bush | 05-cv-0023 | Roberts | | | (1) Motion for Access to Declaration of Wendy M. Hilton | Docket # 93, March 27, 2008. This motion is fully briefed, and can be decided immediately. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Abdullah v. Bush | 05-cv-0023 | Roberts | | | (2) Motion for Status Conference | Docket # 100, June 30, 2008.  This motion should be decided immediately.  Petitioner proposes to discuss and schedule necessary case-specific discovery. |
| Ameziane v. Bush | 05-cv-0392 | Huvelle | Djamel Ameziane | 310 | Motion to Lift Stay and to Set Status Conference | Docket # 45, June 17, 2008.  Ripe for immediate decision. Appropriate for common resolution by Judge Hogan. |
| Al Oshan v. Bush | 05-cv-520 | Urbina | | | Motion to Lift Stay and Schedule a Status Conference | Docket # 117, June 18, 2008. Ripe for immediate decision. Appropriate for common resolution by Judge Hogan. |
| Mohamedou Ould Salahi v. Bush | 05-cv-0569 | Robertson | Mohammedou Ould Salahi | 760 | (Petitioner's) Emergency Motion to Reinstate Habeas Action and Request for Status Conference | Docket # 90, June 23, 2008.  This motion should be granted in light of DOJ's non-opposition at this time. Appropriate for common resolution by Judge Hogan. |
| Hamlily v. Bush | 05-cv-0763 | Bates | Adel Hamlily | 1452 | (1) Petitioner's Motion to Order Respondents to Provide a Factual Return | Docket # 34, December 15, 2006. |
| Hamlily v. Bush | 05-cv-0763 | Bates | Adel Hamlily | 1452 | (2)  Petitioner's Motion to Lift Stay and Set a Status Conference | Docket # 56, July 8, 2008. Appropriate for common resolution by Judge Hogan. |
| Basardh v. Bush | 05-cv-0889 | Huvelle | Yasin Muhammed Basardh | 252 | Petitioner's Motion for Stay-and-Abey Order | Docket # 35, April 25, 2007.  Motion should be dismissed in light of *Boumediene*. Appropriate for common resolution by Judge Hogan. |
| Al-Khalaqi v. Bush | 05-cv-0999 | Walton | Asim Ben Thabit Al-Khalaqi | 152 | Motion seeking immediate issuance of the habeas writ or alternatively for an order to show cause why the writ should not issue | Docket # 16, December 29, 2005. In his status report, Petitioner sought 30 day notice and has renewed this motion seeking immediate issuance of the habeas writ or alternatively for an order to show cause why the writ should not issue. That motion is now pending. |
| Zalita v. Bush | 05-cv-1220 | Urbina | Abu Abdul Rauf Zalita | | Motion for Inquiry Concerning Destruction of Evidence Related to CIA Detainee Interrogations evidence | Docket # 82, January 15, 2008. Fully briefed and pending.  Ripe for immediate decision. |

3

| | | | | | | |
|---|---|---|---|---|---|---|
| Sadkhan v. Bush | 05-cv-1487 | Collyer | Jawad Jabbar Sadkhan Al-Sahlani | 433 | Emergency Motion to Vacate the Stay, Set Dates for Scheduling Conference and Evidentiary Hearing, and for Other Relief | Docket #64, June 16, 2008. Fully briefed.<br><br>Lifting of stay appropriate for common resolution by Judge Hogan. |
| Faraj v. Bush | 05-cv-1490 | Friedman | Abdl Hadi Omar Mahmoud Faraj | 329 | Motion to lift the stay and schedule a status conference | Docket #75, June 17, 2008. The motion was filed on June 16, 2008, and is ready for decision. Stay should be lifted. Appropriate for common resolution by Judge Hogan. |
| Shafiiq v. Bush | 05-cv-1506 | Collyer | Shafiiq (Aka Sufyian Barhoumi) | | Motion for Reconsideration, Setting Status Conference, Requiring Answer, Converting to Direct Petition, and Entering Protective Order | Docket #64, June 25, 2008. Was dismissed on jurisdictional grounds; remanded by D.C. Circuit.<br><br>Government does not oppose reinstatement. Appropriate for common resolution by Judge Hogan. |
| Idris v. Bush | 05-cv-1555 | Robertson | Ibrahim Osman Ibrahim Idris | 36 | Motion to Vacate Dismissal and Motion to Set a Scheduling Conference | Docket # 75, July 2, 2008. Government has consented to reinstatement. Appropriate for common resolution by Judge Hogan. |
| Ali Ahmed v. Bush | 05-cv-1678 | Kessler | Alla Ali Bin Ali Ahmed | 692 | Motion to Stay and Hold Habeas Action pending Supreme Court deliberations | Docket # 51, June 7, 2007. Motion should be dismissed in light of *Boumediene*. Appropriate for common resolution by Judge Hogan. |
| Al-Qahtani v. Bush | 05-cv-1971 | Collyer | Mohammed Al-Qahtani | 63 | Consent Motion to Reopen | Docket # 47, June 16, 2008. Al-Qahtani is also requesting that his case be transferred back to Judge Collyer for resolution of factual issues concerning his interrogations. Appropriate for common resolution by Judge Hogan. |
| Alkhemisi v. Bush | 05-cv-1983 | Urbina | Ismail Alkhemisi/Bakush | 708 | Motion to lift stay | Docket # 52, June 30, 2008. Appropriate for common resolution by Judge Hogan. |
| Ali al Jayfi v. Bush | 05-cv-2104 | Walton | Shamrany | 171 | Motion to Lift Stay, for Production of Factual Returns, and to Set Status Conference | Docket # 48, June 30, 2008. Appropriate for common resolution by Judge Hogan. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Ali al Jayfi v. Bush | 05-cv-2104 | Walton | Bahlool | 39 | Motion to Lift Stay, for Production of Factual Returns, and to Set Status Conference | Docket # 48, June 30, 2008. Appropriate for common resolution by Judge Hogan. |
| Ali al Jayfi v. Bush | 05-cv-2104 | Walton | Hussain | 690 | Motion to Lift Stay, for Production of Factual Returns, and to Set Status Conference | Docket # 48, June 30, 2008. Appropriate for common resolution by Judge Hogan. |
| Jamolivich v. Bush | 05-cv-2112 | Walton | Jabbarov Oybek Jamolivich | 452 | Motion to Dismiss Habeas Petition as Duplicative | Docket # 29, May 16, 2008. Amendable to immediate resolution by Judge Hogan. |
| al-Mudafari v. Bush | 05-cv-2185 | Robertson | Abdu Al Qader Hussain Al-Mudafari | 40 | Motion to Vacate Dismissal and Motion to Set a Scheduling Conference | Docket # 64, July 2, 2008. Government has consented to reinstatement. Appropriate for common resolution by Judge Hogan. |
| Al-Shimrani v. Bush | 05-cv-2249 | Collyer | Mohammed Abdul Rahman Al-Shimrani | 195 | Motion to Modify the Memorandum Order Allowing a Filter Team Time to address Motion | Docket # 34, September 26, 2006. Petitioner requests granting motion as soon as possible. Motion is not amenable to resolution by Judge Hogan, and should be referred to Judge Robertson, who issued the order in question. |
| Zadran v. Bush | 05-cv-2367 | Roberts | Abdullah Wazir Zadran | 967 | Motion to Reopen | Docket # 87, June 17, 2008. Post-*Boumediene* Motion to reopen is fully briefed and pending. (Case was administratively closed pending *Boumediene*.) Appropriate for common resolution by Judge Hogan. |
| Awad v. Bush | 05-cv-2379 | Robertson | Adham Mohammed Ali Awad | 88 | Motion to Lift the Stay and to Compel Respondents to Provide Factual Returns and to Provide Counsel Access to Petitioner's Medical Records | Docket # 32, September 22, 2006. Motion has been fully briefed by both parties and is ready for a ruling. Counsel would have no objections to Judge Hogan ruling on this Motion. |
| Said v. Bush | 05-cv-2384 | Roberts | Saad Al Qahtani | 200 | Motion to Preserve Remaining Exculpatory Evidence [relating to destroyed CIA videotapes] | Docket # 79, June 1, 2008. Fully briefed since 2/19/08 (Docket # 80, 81, 85, 86). This motion is ready for immediate decision by this Court. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Said v. Bush | 05-cv-2384 | Roberts | Saad Al Qahtani | 200 | Emergency motion to lift stay and schedule a status conference | Docket # 94, June 17, 2008. Appropriate for common resolution by Judge Hogan. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abdul-Rahman Sulaeiman | 223 | (1) June 16, 2008, Emergency Motion for a habeas corpus hearing | Docket # 449, June 18, 2008. Motion filed June 16, 2008. Fully briefed and pending before the Court. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abdul-Rahman Sulaeiman | 223 | (2) Emergency Motion for Order to Show Cause requesting that the Court order Respondents to provide in writing within seven days or within a reasonable time all of their reasons for continuing to hold Petitioner at the Guantánamo Bay Naval Station, including and in particular, classified information from Petitioner's CSRT and ARB to be deposited at the secure facility | Docket # 466, June 24, 2008. Fully briefed and pending before the Court. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abdal Razak Ali | 685 | (3) Petitioner's Motion for Factual Return | Motion was filed on December 4, 2006 and is fully briefed (see docket entries 226, 235, 237, 238, 242, 280, 281, 286, 308). |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abdal Razak Ali | 685 | (4) Bill of Costs related to District Court's Order of September 20, 2006 (docket # 169) ordering the government to pay the reasonable costs, Document 509 (filed 07/18/2008) related to the Government's purposeful interference with counsel's visit with Ali (Show Cause hearing on August 24, 2006, status hearing on September 8 2006) | Pursuant to Judge Walton's order, a Bill of Costs was filed by Petitioners counsel and is fully briefed with a proposed draft order at docket 162. (Documents related to the Bill of Costs can be found at docket entries 154, 155, 156, 158, 174, 186, 195, 198.) |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Jabbarov Oybek Jamolivich | 452 | (5) Emergency Motion for Unredacted Return | Docket # 306, January 24, 2007. Emergency Motion for Unredacted Return. Amendable to immediate resolution by Judge Hogan. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abu Hijazi | 49 | (6) Motion for Factual Returns | Docket # 329, February 2, 2007. Judge Walton did not decide the motions because he had just administratively closed the case. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Mouhammad | 330 | (7) Motion for Factual Returns | Docket # 329, February 2, 2007. Judge Walton did not decide the motions because he had just administratively closed the case. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abdulayev | 257 | (8) Motion for a preliminary injunction | Docket # 412.  March 7, 2008. Motion for a preliminary injunction prohibiting the government from repatriating Petitioner to Tajikistan has been held in abeyance by Judge Walton until such time as the government provides counsel with 30 days notice of transfer. Since no such notice has been provided, that motion is not ripe. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mohammon v. Bush | 05-cv-2386 | Urbina | Maher El Falesteny | 519 | (9) Motion for Preliminary Injunction Ordering Respondents to Cease Violations of the Geneva Conventions and to Treat Petitioner El Falesteny as a Prisoner of War | Docket # 446, June 12, 2008.  The government has refused to oppose this motion on the merits.  Prior to *Boumediene*, it raised only a jurisdictional objection, and in the weeks since then, it has simply declined to respond.  The Court can treat the motion as conceded.  In the alternative, it should order a response filed forthwith. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Ali Al Kazmi | 172 | (10) Emergency Motion to compel disclosure of records to ensure access | Docket # 352, March 14, 2007. Fully briefed. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | Abd al Zaher | 89 | (11) Motion for Reconsideration of Motion to Order Access to Counsel | Docket # 423, March 21, 2008.  Fully briefed.  (See docket # 423, 426, 427.)  Ripe for decision. |
| Taher v. Bush | 06-cv-1684 | Kessler | Mohammed Ahmed Taher / Yasser Ali Abdulla Salemi | 679 | Motion to lift stay and for status conference | Docket # 32, June 17, 2008.  Ripe for immediate decision.  Appropriate for common resolution by Judge Hogan. |
| Suliman v. Bush | 06-cv-1758 | Collyer | Faiz Ahmed Yahia Suliman | 153 | Motion to Reinstate | Docket # 28, July 1, 2008. Filed after *Boumediene* but before Hogan's consolidation order. Appropriate for common resolution by Judge Hogan. |
| Adbessasalam v. Bush | 06-cv-1761 | Huvelle | Achraf Salim Abdessalam | 263 | (1) Emergency Motion to schedule a habeas corpus hearing | Docket # 22, June 16, 2008.  Motion is fully briefed and pending before the Court. |
| Adbessasalam v. Bush | 06-cv-1761 | Huvelle | Achraf Salim Abdessalam | 263 | (2) Emergency Motion to Show Cause | Docket # 25, June 24, 2008.  Motion is fully briefed and pending before the Court. |
| Kiyemba v. Bush | 05-cv-1509 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case. Not yet docketed. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Mamet v. Bush | 05-cv-1602 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case.  Not yet docketed. |
| Kabir v. Bush | 05-cv-1704 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case.  Not yet docketed. |
| Razakah v. Bush | 05-cv-2370 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case.  Not yet docketed. |
| Mohammon v. Bush | 05-cv-2386 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case.  Not yet docketed. |
| Thabid v. Bush | 05-cv-2398 | Urbina | | | Motion to Use CSRT Records Provided in DTA Action in This Case | Consolidated Uighur case.  Not yet docketed. |